# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20-cr-714 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| KENNETH COLLINS, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Kenneth Collins ("Collins") to revoke the detention order. (Doc. No. 22 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion. (Doc. No. 25 ["Opp'n"].) Collins has not requested a hearing, and the Court finds that the motion may be considered on the parties' written submissions. As part of its *de novo* review, the Court reviewed the following:

(1) The indictment in this matter (Doc. No. 1 ["Ind."]);

(2) The transcript of the detention hearing proceedings before the Honorable Jonathan D. Greenberg (Doc. No. 19 ["TR"]);

(3) The pretrial services report, filed November 19, 2020 (Doc. No. 11 ["Report"]);

(4) The addendum to the pretrial services report, filed November 24, 2020 (Doc. No. 13 ["Report Add."]);

(5) The Order of Detention Pending Trial, filed November 24, 2020 (Doc. No. 14 ["Detention Order"]); and

(6) Collins' motion for *de novo* review and the government's opposition.

In accordance with 18 U.S.C. § 3142(f), the Court has reviewed the record to determine whether there is any condition or combination of conditions of release that would reasonably assure the appearance of Collins at further court proceedings and protect the public. In this case, there is no presumption of detention. *See* 18 U.S.C. § 3142(f)(1). In the absence of a presumption of detention, the government bears the burden of proving by clear and convincing evidence the absence of effective conditions of release. 18 U.S.C. § 3142(f)(2).

## I.    BACKGROUND

On July 9, 2020, while officers were attempting to execute an arrest warrant on Collins for a state felonious assault charge, Collins fled. Collins led officers on a chase through the backyard of a residence to a fence where he allegedly discarded a firearm in the bushes. Collins attempted, but failed, to get over the fence, at which point officers apprehended him and then also secured the discarded firearm. Collins was arrested and then released on bond by the state court. At the time of his arrest, Collins was on federal supervised release for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (*See* N.D. Ohio Case No. 1:12-cr-519, also referred to as "2012 federal case.")

On November 4, 2020, an indictment issued charging Collins with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Ind.) A probable cause and detention hearing was held before the magistrate judge on November 19, 2020. At the start of the hearing, the parties agreed that there was no statutory presumption of detention in this matter. (TR at 83.) During the proceedings, the government presented testimony from FBI Special Agent Cory Miles relating to the circumstances leading to the discovery of the firearm that forms the basis for the present charge. (TR at 88–89.) Special Agent Miles also recounted the details surrounding a failed attempt on August 25, 2020 to arrest Collins at a residence on Miles Avenue

for an alleged supervise release violation in his 2012 federal case. The details of that attempt are also set forth in the pretrial services report. While at the residence, officers located three firearms in the residence. (*Id*. at 91.)

Still searching for Collins, on October 27, 2020, U.S. Marshals returned to the Miles Avenue residence where they encountered a female who advised officers that Collins was not at the residence. But a search of the residence revealed that Collins was hiding underneath a staircase, at which point he was arrested. (*Id.* at 93.)

Special Agent Miles also provided testimony regarding the circumstances surrounding the shooting incident that led officers to arrest Collins on July 9, 2020 on the state law felonious assault charge. On April 23, 2020, officers responded to a local hospital to interview a gunshot victim. The special agent reported that a witness advised police that the victim and Collins had argued before Collins allegedly shot him in the back. (TR at 90.) The Report, prepared by U.S. Pretrial Services, further provides that the witness told police that she had previously been involved with Collins and had experienced ongoing problems with him since they ended their relationship. (Report at 42–43.) She maintained that Collins had assaulted her in the past. (*Id*. at 43.)

The government also offered evidence relating to Collins' prior felony record that included multiple drugs trafficking and weapons offenses, in addition to the prior felon in possession conviction for which Collins was on supervised release at the time of his arrest. (TR at 110; *see* Report at 36–40.) Moreover, the government presented evidence of numerous past probation violations, failure to appear citations and failure to apprise authorities of his whereabouts, and a charge that he previously absconded. (TR at 109; Report at 36–41.)

Emphasizing that this is not a presumption case, defense counsel underscored the fact that some of the evidence that was presented by the government at the detention hearing was previously

presented to Chief Judge Patricia Gaughan on the supervised release violation in Case No. 1:12-cr-519. At the conclusion of the November 10, 2020 supervised release revocation hearing, Judge Gaughan found Collins to be not in violation of the terms of his supervised release. (Case No. 1:12-cr-591, Doc. No. 35 (Order).) Collins was continued on supervised release with the same conditions. (Case No. 1:12-cr-519, *Id*. at 200.) Defense counsel also advised the magistrate judge in the present case that Collins has strong family ties to the community and that, if released, Collins could reside with his stepfather, and he would be willing to submit to electronic monitoring. (TR at 106, 118; *see generally* Report Add.) At the conclusion of the hearing, the magistrate judge took the matter under advisement. (TR at 119.)

In the written order that followed, the magistrate judge found that there was probable cause to believe that Collins had committed an offense for which a maximum prison term of ten years or more is prescribed in 18 U.S.C. §§ 922(g)(1) & 924(a)(2). (Detention Order at 59.) The Court then checked the box providing that Collins had not rebutted the presumption established by finding that no condition will reasonably assure Collins' appearance and the safety of the community. (*Id*. at 60.) In his Statement of Reasons, the magistrate judge found that the evidence established by clear and convincing evidence that:

> based upon Defendant's conduct during his arrest; the offense charged; his substance abuse history; his criminal history including his history of failure to appear; his use of aliases and false identifications; his criminal history while under supervision; his history of violence; his unstable and unsuitable living conditions; and his history of weapons use; no condition or combination of conditions exist that would ensure the safety of the community.

(*Id*.)

## II.   DISCUSSION

Collins now seeks *de novo* review and revocation of the magistrate judge's order of

detention. He complains that the magistrate judge erred in the first instance by improperly basing his detention order on a presumption of detention. (Mot at 124, 126.) He further argues that circumstances, namely the COVID-19 pandemic, offers an additional basis for relief as "having fewer people in jail is the best way to protect the health of inmates, staff, and the public." (*Id*. at 127, citation omitted.) He also claims that he suffers from asthma and that, prior to his arrest, he was scheduled for back surgery because of sciatica and a bulging disc. Additionally, he maintains that he has been taking antibiotics for the past year as the result of a blood infection. (*Id*. at 124.) He offers no medical documentation, or other support, for these asserted health conditions.

It is clear from the record, including the transcript from the detention hearing, that the magistrate judge and the parties understood that there was no presumption of detention in this case. (*See* TR at 83, 113.) While the magistrate judge checked the box providing that "[t]he defendant has not rebutted the presumption[,]" he did not check any box in Part I of the Detention Form to indicate that this is a presumption case. (*See* Detention Order at 59–60.) Accordingly, the Court finds that magistrate judge simply erred in checking the box that indicated that Collins did not rebut the presumption and in fact did not apply a presumption of detention.

In any event, the Court, having conducted its *de novo* review, finds that the government presented clear and convincing evidence that no condition or combination of conducts exist that would reasonably ensure the safety of the community and Collins' appearance at trial. Given his history of supervised release violations, his history of substance abuse, his attempts to evade police during his arrests on July 9, 2020 and October 27, 2020, and the fact that he was on supervised release when he was charged in the present offense, the Court is far from convinced that Collins would remain compliant on temporary release. While Collins cites the benefits of reducing jails and detention facilities during the COVID-19 pandemic, the fact that he poses a substantial risk of

non-compliance actually puts at risk law enforcement and pretrial services officials who may be tasked with monitoring his compliance. *See United States v. Clark*, 448 F. Supp. 3d 1152, 1161 (D. Kan. 2020). Courts have found that the increased burden on pretrial services to monitor high-risk prisoners on home detention during this national crisis, as well as the likely risk to law enforcement who would have to take a non-compliant home detainee back into custody, also weigh in favor of denying motions for temporary release. *See, e.g., United States v. Martin*, 447 F. Supp. 3d 399, 403 (D. Md. 2020) (denying request for release due to COVID-19, noting that location monitoring puts pretrial services officers at risk); *United States v. Aiad-Toss*, No. 4:19-cr-521, 2020 WL 1514482, at *2 (N.D. Ohio Mar. 30, 2020) (observing that "releasing . . . to home detention and electronic monitoring creates its own risks and undue burden on pretrial services").

Further, the Court finds, for many of the same reasons cited by the magistrate judge, that the government has proven by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community if Collins is released. Collins has an extensive history of weapons and drug offenses, along with criminal behavior designed to avoid detection. Indeed, the Court's review of the pretrial services report reveals that Collins' prior criminal record includes multiple convictions for drug trafficking and weapons offenses, attempted robbery, resisting arrest, falsification, failure to comply with order of an officer, and attempted escape. (Report at 36–40.) He was wanted in connection with a shooting when officers discovered the firearm connected to the present charge, and Collins allegedly discarded that firearm during the chase that preceded his arrest. Three additional firearms were discovered in a residence where he hid from police. (TR at 88–89, 91.)

Collins' criminal history is also replete with post-release control violations. (Report at 36–41.) The Report prepared by pretrial services further reflects the issuance of multiple capiases for

his failures to appear at trial or other court proceedings, repeated failures to advise probation authorities of his whereabouts, and an absconding violation in 2010. (*Id.*) Further, the Court takes notice of the fact that Collins was also on supervised release in his 2012 federal case involving the charge of felon in possession of firearm when he allegedly possessed the weapon that forms the basis for the present charge. (TR at 91; *see* Ind.) Collins has repeatedly demonstrated that he is both dangerous and unable or unwilling to submit to authorities and, therefore, a flight risk. Ultimately, the Court finds that Collins' proclivity for drug trafficking and illegal weapons ownership, coupled with his inability to comply with release conditions and ability to evade authorities, render him an especially poor candidate for release on bond pending trial.

## III.    CONCLUSION

For the forgoing reasons, as well as the reasons set forth in the government's response, the Court finds that the government has demonstrated by clear and convincing evidence that no condition or combination of conditions would reasonably assure the safety of the community or other persons or ensure Collins' appearance at trial. Accordingly, the motion of defendant Collins to revoke the detention order is DENIED.

**IT IS SO ORDERED**.


Dated: April 9, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

7