UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 1:20-cr-714 |
| ) | |
| PLAINTIFF, ) | JUDGE SARA LIOI |
| ) | |
| vs. ) | |
| ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| KENNETH COLLINS, ) | |
| ) | |
| DEFENDANT. ) | |

On October 22, 2021, defendant Kenneth Collins ("Collins") was sentenced to a custody term of 96 months, to run concurrent with a sentence imposed in N.D. Ohio Case No. 1:22-cr-519, following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 43 (Judgment); *see* Minutes of Proceedings [non-document], 10/22/2021; *see also* Doc. No. 1 (Indictment).)

Collins now seeks a compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 56 (Motion).) Appointed counsel filed a supplement in support of a compassionate release. (Doc. No. 58 (Supplement).) Plaintiff United States of America (the "government") has filed an opposition to the motion. (Doc. No. 61 (Response).) For the reasons that follow, defendant's motion for a compassionate release is DENIED.

I. BACKGROUND

On July 9, 2020, while officers were attempting to execute an arrest warrant on Collins for a state felonious assault charge, Collins fled. Collins led officers on a chase through the backyard

of a residence to a fence where he discarded a firearm in the bushes. Collins attempted, but failed, to get over the fence, at which point officers apprehended him and then also secured the discarded firearm. Collins was arrested and then released on bond by the state court. At the time of his arrest, Collins was on federal supervised release for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). (*See* N.D. Ohio Case No. 1:12-cr-519.)

On November 4, 2020, an indictment issued charging Collins with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1.) At the detention hearing, FBI Special Agent Cory Mills testified as to the circumstances leading to the discovery of the firearm at issue in the case, defendant's attempt to evade police, defendant's extensive criminal history, and a prior shooting incident that led to defendant's arrest on a state law felonious assault charge. The magistrate judge granted the government's motion for detention finding that the evidence established by clear and convincing evidence that:

> based upon Defendant's conduct during his arrest; the offense charged; his substance abuse history; his criminal history including his history of failure to appear; his use of aliases and false identifications; his criminal history while under supervision; his history of violence; his unstable and unsuitable living conditions; and his history of weapons use; no condition or combination of conditions exist that would ensure the safety of the community.

(Doc. No. 14 (Detention Order), at 2.)

Collins moved pre-trial to revoke detention. After conducting a *de novo* review of the detention proceedings, the Court denied the motion finding that the government had established by clear and convincing evidence that no condition or combination of conditions exist that would reasonably assure the safety of the community and Collins' appearance at trial. As to the latter, the Court found that "[g]iven his history of supervised release violations, his history of substance abuse, his attempts to evade police during his arrests . . . , and the fact that he was on supervised

2

release when he was charged in the present offense, the Court is far from convinced that Collins would remain compliant on temporary release." (Doc. No. 28 (Order on Motion to Revoke Detention), at 5.) With respect to the former determination involving danger to the community, the Court relied on Collins' "extensive history of weapons and drug offenses, along with criminal behavior designed to avoid detection[;]" a prior criminal history that included multiple convictions for drug trafficking and weapons offenses, attempted robbery, resisting arrest, falsification, failure to comply with an order of an officer, and attempted escape; his participation in a shooting; and the presence of multiple weapons in the residence where he hid prior to his arrest to find that the Court could not fashion conditions of release that would adequately protect the community. (*Id*. at 6.) In reaching these conclusions, the Court emphasized:

> Collins has repeatedly demonstrated that he is both dangerous and unable or unwilling to submit to authorities and, therefore, a flight risk. Ultimately, the Court finds that Collins' proclivity for drug trafficking and illegal weapons ownership, coupled with his inability to comply with release conditions and ability to evade authorities, render him an especially poor candidate for release on bond pending trial.

(*Id*. at 7.)

On April 9, 2021, Collins entered a plea of guilty to the weapons charge in the indictment. (Minutes of Proceedings [non-document], 4/9/2021.) He was sentenced on October 22, 2021. (*See* Doc. No. 43.) On January 27, 2023, the Court denied Collins' first request for a compassionate release. (Order [non-document], 1/27/2023.) In support of early release, Collins cited his medical problems in light of the then-existing COVID-19 pandemic, and his concern that his minor son's mother had recently suffered strokes. The Court found that Collins had failed to establish the existence of extraordinary and compelling reasons for release, noting that his medical conditions were well-controlled with medication and did not otherwise rise to the level necessary for release.

3

The Court also found Collins' concern for his minor son did not constitute an extraordinary and compelling reason, "especially in light of the fact that defendant's own behavior involving weapons and drugs makes him an unsuitable caregiver for his son." (*Id*.) Nevertheless, the Court went on to consider the § 3553(a) sentencing factors:

> But even if the Court were to find the requisite extraordinary and compelling reasons, a reduction of the prison term would not be appropriate in light of the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Sherwood*, 986 F.3d 951 (6th Cir. 2021) (citing 18 U.S.C. § 3553(a) and directing district courts to consider all relevant statutory factors). Defendant, who is 48 years old, has served approximately 25% of a sentence for being a felon in possession of a firearm. Prior to his arrest, defendant led police on a footrace through a neighborhood wherein he attempted to discard his weapon. His weapon offense was serious, and he was serving a period of supervised release for being a felon in possession of ammunition at the time of his arrest. Defendant also has an extensive criminal history that began when he was 17 years old and spans 30 years; his criminal history includes multiple weapons and drug trafficking convictions. The nature and extent of defendant's criminal history counsels strongly against granting the requested relief, and his willingness to possess a firearm—even while on supervised release—suggests that he is unwilling to refrain from possessing weapons and thus presents a serious danger to the community. The Court has also considered defendant's undocumented programming, his family support, and his concern for his minor son. But after considering all of the factors, the Court finds that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, protect the public, promote respect for the law, afford adequate deterrence, and ensure just punishment. Based upon these same facts . . . the Court also finds that defendant poses a serious danger to the community. Further, to the extent that defendant requests to be released and to serve a period of supervision on home confinement, for the reasons already stated, defendant is not an appropriate candidate for release under § 3582, even with conditions.

(Order [non-document], 1/27/2023.)

On October 17, 2023, Collins filed his second motion for compassionate release. In his motion, as supplemented, Collins (again) identifies his medical conditions—including osteoarthritis, hypertension, diabetes, asthma, and knee and hip conditions—and his concern for his minor son as the bases for compassionate release. (Doc. No. 56, at 2; Doc. No. 58, at 1.) He

4

also cites post-pandemic conditions at his facility. (Doc. No. 56, at 2.) It is Collins' position that recent changes to the Sentencing Commission's policy statement applicable to compassionate release—U.S.S.G. § 1B1.13—now entitle him to release.

## II. LAW AND DISCUSSION

The sentencing court has no inherent authority to reconsider and/or modify an otherwise valid sentence. *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Instead, the authority of the Court to resentence a defendant is limited by statute. *United States v. Houston*, 529 F.3d 743, 748–49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 585 (6th Cir. 2001)); *see United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) ("Generally speaking, once a court has imposed a sentence, it does not have the authority to change or modify that sentence unless such authority is expressly granted by statute.") Under 18 U.S.C. § 3582(c), a court may only modify a term of imprisonment under the following circumstances: (1) upon a motion of the Director of the Bureau of Prisons ("BOP") or defendant for compassionate release; (2) as expressly permitted by statute or by Fed. R. Crim. P. 35; or (3) where a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. § 3582(c)(1)–(2).

Collins does not seek relief under Rule 35, nor does he claim that he was sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered. Instead, he claims, for the second time, that he is entitled to a compassionate release. Under § 3582(c)(1)(A), a district court may grant a sentence reduction "only if it finds that the defendant satisfies three requirements: (1) 'extraordinary and compelling reasons warrant such a reduction'; (2) the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission';

5

and (3) the relevant § 3553(a) factors support the reduction." *United States v. Hunter*, 12 F.4th 555, 561 (6th Cir. 2021) (quoting § 3582(c)(1)(A)(i); *United States v Elias*, 984 F.3d 516, 518 (6th Cir. 2021)); *see United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). Additionally, exhaustion of administrative remedies is a mandatory claims-processing rule that must be satisfied before a defendant may seek compassionate release. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020) (citations omitted).

The policy statement applicable to compassionate release motions, 18 U.S.C. § 1B1.13, was recently amended (effective November 1, 2023) and describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." 18 U.S.C. § 1B1.13(b).

The parties agree that Collins has exhausted his administrative remedies. (Doc. No. 56, at 1; Doc. No. 61, at 4 n.1.) The Court, therefore, turns to a consideration of whether defendant has demonstrated the existence of extraordinary and compelling reasons identified in § 3582(c)(1)(A)(i), and discussed in detail in § 1B1.13(b), as amended. Citing to the first category—medical circumstances of the defendant—Collins once again argues that his medical conditions constitute extraordinary and compelling reasons for release. Under § 1B1.13(b)(1), a defendant's own medical condition (or conditions) may satisfy the extraordinary and compelling threshold if the defendant: has a "terminal illness"; suffers from a "serious physical or medical condition", a

6

"serious functional or cognitive impairment" or is experiencing "deteriorating physical or mental health" because of age that "substantially diminishes the ability of the defendant to provide self-care" in his facility and "from which he . . . is not expected to recover"; or is "suffering from a medical condition that requires long-term care or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1).

Here, Collins does not suffer from a terminal illness or a serious medical condition that substantially diminishes his ability to provide self-care, nor does he point to any evidence that he is being denied necessary long-term or specialized care. Rather, the supplied medical records demonstrate that his knee, back, and hip pain has been assessed with MRIs and X-rays and treated with braces and medicated patches. It also appears that surgery has been explored, as recently as November 2023, and all of Collins' medical conditions continue to be monitored. He has also been provided with medication for his asthma and hypertension, and he has been assigned a bottom bunk. (*See* Doc. No. 56-3 (Medical Records); Doc. No. 61-2 (Medical Records).) In short—and consistent with the Court's findings a little more than a year ago—the BOP appears to be properly treating and controlling Collins' non-terminal medical conditions. His combined medical conditions, therefore, do not rise to the level of extraordinary and compelling reasons justifying early release.

Collins' second identified reason for release—concern for his minor son—likewise fails to overcome the first obstacle to compassionate release. Under § 1B1.13(b)(3) and relevant to the present motion, a defendant may establish an extraordinary and compelling reason upon the death or incapacitation of the caregiver for a defendant's minor child. § 1B1.13(b)(3)(A). While Collins

7

once again points to the fact that his son's mother has suffered strokes in the past, he has failed to show that these strokes have rendered her incapacitated. Rather, the letter of support supplied by his son's mother merely indicates that she would be "extremely grateful to be able to have the *assistance and support*" from defendant during their son's "vital adolescent years." (Doc. No. 56-5, at 2 (emphasis added).)

Finally, to the extent that he relies on his concern over contracting COVID-19, the Court previously found that defendant had refused the COVID-19 vaccine when it was offered in his facility. As the Court observed when it denied his first motion for compassionate release, a defendant cannot use his refusal to receive the vaccine to establish an extraordinary and compelling reasons justifying early release. (Order [non-document], 1/27/2023 (citing *United States v. Lemmons*, 15 F.4th 747, 751 (6th Cir. 2021).) Collins has not, therefore, established the existence of extraordinary and compelling to warrant a compassionate release.

Even if Collins had cleared this initial hurdle, the Court would still have denied his motion because the sentencing factors in § 3553(a) do not favor release. As the Court has recognized on numerous occasions—most recently in January 2023—defendant's dangerous behavior immediately prior to his arrest, his criminal history with drugs and weapons, and his past failures to abide by conditions while on supervision all counsel against early release.

The Court has also considered the prison programming Collins has completed, his lack of disciplinary infractions in prison, his release plan, his concern for his son, and his support from family. But after considering all of the § 3353(a) factors, the Court again finds that a reduction in sentence would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate

8

deterrence, and protect the public from further crimes of the defendant. Based on these same facts, the Court also finds (once again) that defendant poses a danger to the community.

### III. CONCLUSION

For the foregoing reasons, the Court denies defendant's motion, as supplemented, for a compassionate release.

**IT IS SO ORDERED**.

Dated: April 9, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**